The opinion of the court was delivered by
Spencer, J.
Plaintiff as tutrix of the minor children of Prangois 'Germaine, deceased, sues to recover two pieces of property in New Or.-leans, with their revenues. This property was sold and adjudicated to ■defendant on 7th July, 1873, under an execution issued on the judgment of Bruenning vs. said Frangois Germaine, said judgment recognizing a ■mortgage and vendor’s lien thereon.
Plaintiff alleges numerous nullities against the validity of said sale, ■and charges that the defendant was a purchaser in bad faith, and with lull knowledge of the defects of said title, and is therefore liable for .fruits and revenues.
The facts are, that Frangois Germaine, who was a citizen and resident of New Orleans, went on a trip to Costa Rica, where he died on the :2d June, 1873, his wife, the plaintiff, and their children remaining in said city. The sheriff returns that he made the seizure of said property on. ■ 31st May, 1873; that the property was duly appraised by experts appointed by plaintiff and defendant. The proof is, that the defendant’s wife appointed the appraiser by a writing wherein she states that her .husband was absent. This appointment was made on or after 18th • June. She does not sign as his agent, nor is there the slightest evidence .-that she was. Germaine’s succession was not opened till some time in *372 September, and plaintiff qualified as natural tutrix in October, 1873.. We think that upon the state of facts here disclosed the sale to the defendant was illegal and null. It requires no citation of authority to show that a man’s wife, or his widow, for that matter,^ as such, has no-authority to act for him in judicial proceedings. She had no such powers of agency. Hence the question discussed by defendant’s counsel as-to the effect of the unknown death of the principal upon the subsequent, acts of the agent does not arise, and requires no discussion.
It is equally elementary that after the death of a defendant in execution proceedings to sell his property, without making his heirs or legal'i representatives parties, aré illegal.
We therefore hold that the sale to defendant was null and of no effect, and did not divest the succession of Germaine of the property in question.
But defendant’s counsel, in their brief, urge that the plaintiffs should have tendered him the amount he paid on his bid. No such objection or exception is made in defendant’s pleadings. But had it been made, we think that it would have been unavailing, for the reason, as-we shall see hereafter, the defendant was a purchaser in bad faith, and', had by his own confession full knowledge of Germaine’s death before-he accepted the sheriff’s title, on 28th August, 1873. We understand the-rule requiring previous restitution or tender to be an equitable relief granted only to purchasers in good faith. To extend the rule further would be to allow purchasers to take advantage of their own wrong. It is-'purely an equitable rule, and would be abused by allowing wrong-doers-to avail themselves of it as a condition precedent to the undoing of their own illegal acts. C. C. 3453 ; 30 A. 174; 6 A. 585 ; 26 A. 188, 343 ; 24 A. 472 ; 2 A. 543; 6 N. S. 674 ; 3 L. 543.
It is further objected in defendant’s brief, but nowhere in their pleadings, that plaintiffs are estopped from contesting this sale, first,, because the sheriff says in his return that by “ an order of the Second District Court in the matter of the succession of E. Germaine, No. 36,473,” he was directed to hold on to the proceeds of sale. As we have seen, the succession of Germaine was not opened until the middle of' September, 1873, long after this sale, and the number of that succession is shown to be 36,611. Even if it were conceded that the tutrix could ratify the sale in this way (which we think she could not do) the mere-recital of what the sheriff supposed to be such an order is not sufficient-proof of it. Secondly, the sheriff recites in his return that he paid to Braughn & Buck “defendant’s attorneys,” the surplus of the price, to-wit, §35. We have seen that defendant was dead. His attorneys had no mission or power to represent him, therefore, even if they had before his-death. It does not follow that because an attorney is employed to de *373 ./end a suit, that he has authority to receive from the sheriff theproceecls of defendant’s property sold under judgment in that suit
The only remaining question is as to the fruits and revenues. The evidence satisfies us, as it did the judge a quo, that the defendant was a purchaser in bad faith, and therefore liable to pay the fruits and revenues. Had the defendant claimed to compensate this demand by the payment he made, we should have allowed it. But no such defense was made or is now made. He simply asked that Bruenning’s heirs be cited in warranty, and condemned to pay him a reasonable sum for his attor-ney’s fees, and that his rights against them in other respects be reserved to him. The court a qua reserved his rights as prayed for.' He has recourse upon them, or if he has paid the mortgage held by them, perhaps ■he would have his recourse on that, as subrogee.
The judgment is affirmed at the costs of defendant.